Losing-, J.,
delivered the opinion of the court:
The action is for an alleged, breach of contract in not receiving at Fort Lyon two hundred and forty-one tons of hay, a portion of eight hundred tons contracted for. But the contract is not for an entire quantity of eight hundred tons. It provides, first, as follows: “The said Wanless agrees to deliver at Fort Lyon, Colorado Territory, two hundred tons of good merchantable hay; ” as to this provision the quantity is specific. The contract then provides as follows : “The said Wanless agrees, in addition to the above, to deliver at Fort Lyon, Colorado Territory, six hundred tons, or such amount as may be required, to be determined by the chief quartermaster of the department of the Missouri.” Here are two propositions distinct from each other: one for six hundred tons, the other for such quantity as the chief quartermaster of the department of the Missouri shall determine to be required by the post. And these propositions are alternative; only one is to be acted on; and the evidence shows that the former was not acted on, and that the latter was •, and the reason for this, and for inserting the latter provision in the contract, was that Fort Lyon was to be and was removed to another site. The contract, therefore, as the government had the election between the two propositions, and elected the latter, is to be construed as if the latter proposition had alone constituted the contract, and that was, that as much hay should be delivered and received as General Easton determined to be required for the post. And if that is the contract legally, then the burden is on the plaintiff to show how much General Easton determined was required, and of this the plaintiff has given no testimony whatever, while the testimony of the defendants shows that General Easton directed no more than was received and has been paid for.
*127 But tbe evidence shows that Mr. Wanless transferred bis contract to A. J. Gill in August, 1886; and that Mr. Gill made tbe deliveries of bay above specified, and received tbe money paid for them. ' .
This transfer by Wanless to Gill annulled tbe contract therefrom, so that there could be neither a performance of it nor any right of action upon it against the United States; for the Act 11th July, 18C2, (12 Stat. L., p. 59G,) expressly prohibits any transfer of a contractor order by the party to whom it is given, and then provides that such transfer shall, in the words of the statute, “cause the annulment of the contract, so far as the United States are concerned.” This is imperative and absolute, and necessarily bars any action against the United States by the assignor, for it prevents as to them any right or interest in the contract from vesting in him.
It was contended for the claimant that, as the proviso reserved a right of action on the contract to the United States, it made the contract voidable as distinguished from void; and that the United States had acted on the contract, and thereby affirmed it. But the enacting clause of the statute does not provide that the transfer of the contract shall make it void, but that it shall cause its “ annulment as against the United States,” and by this peculiar phrase it precludes as against them any implication of the distinction between “void” and “voidable.”
The proviso is as follows: “ Provided, That all rights of action are hereby reserved to the United States, for any breach of the contract by the contracting party or parties.” This, does not reserve to the United States any right of action against the assignee, and it in no way relates to him or qualifies the action of the statute as to him. And it does not contemplate or suggest a transfer of rights which the enacting clause of the statute forbids and precludes. It in express terms is confined to the contracting party, and, as to him, it is in legal, effect a term of the contract to which he agrees by entering into that, and by which, if he does that which the statute prohibits, he is, as the wrong-doer, to forfeit his rights under the contract, and the United States, as the injured party, are not to lose their remedy. And the effect of the proviso, construed with the enacting clause of the statute, is to make the transfer of the contract a breach of it, and this is done because otherwise the contracting party might, by transferring the contract, and thus, in the words of *128 tbe enacting clause, causing its “ annulment,” discharge himself of all liability. And it is observable that the statute annuls not the transfer only, but the contract itself. Had it annulled the transfer only, it would have prevented the assignment, but left to the contractor his rights under the contract, as well as his obligations. But by annulling the contract it precludes its transfer, and at the same time destroys the rights of the contractor, as against the United States, and thus punishes him for his violation of the statute. Between individuals it is, as a general proposition, true that a contract annulled as to one party is annulled as to both. But that is no reason, and there is no reason, why a public statute may not, for public policy, forfeit the rights of a contractor for his violation of law, and yet reserve to the government their remedy for any inj ury resulting to them. And where a contract is annulled as to any action by the contractor, he can transfer no rights under it. And it is certain that no action of the officers of the Quartermaster Department can restore vitality to a contract expressly annulled by act of Congress. All that any action of such officers.could do would be to make a new contract with the assignor for what was done bjr him. And if in this case any such contract was made with Mr. Gill, it is shown by the evidence to have been fully performed with the United States.
The judgment of the court is that the petition be dismissed.